UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WISCONSIN

---

MICHAEL SCHULTZ, JOHN SCALA, HUUB
VAN ROOSMALEN, KIP KIRCHER, ROBERT
H. WAKE and LOUIS SPANBERGER, On Behalf
of Themselves and All Others Similarly Situated,

      Plaintiffs,

vs.

TOMOTHERAPY INCORPORATED,
FREDERICK A. ROBERTSON, T. ROCKWELL
MACKIE, STEPHEN C. HATHAWAY, PAUL
RECKWERDT, MICHAEL J. CUDAHY, JOHN J.
MCDONOUGH, JOHN NEIS, CARY C. NOLAN,
CARLOS A PEREZ, M.D., SAM R. LENO and
FRANCES S. TAYLOR,

      Defendants.

08-cv-000314-SLC

08-cv-000342-SLC

<u>CLASS ACTION</u>

---

ORDER OF DISMISSAL WITH PREJUDICE

---

This matter came before the Court for hearing pursuant to the Order of this Court dated September 23, 2010, on the application of the parties for approval of the settlement set forth in the Stipulation of Settlement dated as of July 28, 2010 (the "Stipulation"). Due and adequate notice having been given to the Class as required in the Court's Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all members of the Class.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies this Litigation as a class action defined as all Persons who purchased or otherwise acquired the common stock of TOMO between May 9, 2007 and July 31, 2008, inclusive. Included in the Class are those Persons who purchased or acquired TOMO common stock pursuant to or traceable to TOMO's May 9, 2007 Initial Public Offering ("IPO") and/or TOMO's October 16, 2007 Secondary Public Offering ("SPO"). Excluded from the Class are Defendants, officers and directors of TOMO, members of their immediate families and their legal representatives, heirs, successors and assigns, and any entity in which Defendants have or had a controlling interest. Also excluded from the Class are those Persons who timely and validly request exclusion from the Class pursuant to the Notice of Proposed Settlement of Class Action.

4. With respect to the Class, this Court finds and concludes that: (a) the members of the Class are so numerous that joinder of all Class Members in the class action is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual question; (c) the claims of the Plaintiffs are typical of the claims of the Class; (d) Plaintiffs and their counsel

have fairly and adequately represented and protected the interests of the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the members of the Class in individually controlling the prosecution of the separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by members of the Class, (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the class action.

5. Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the settlement set forth in the Stipulation and finds that the settlement is, in all respects, fair, reasonable and adequate to the Settling Parties. The Court further finds that the settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Settling Parties. Accordingly, the settlement embodied in the Stipulation is hereby finally approved in all respects. The Settling Parties are hereby directed to perform its terms.

6. Except as to any individual claim of those Persons (identified in Exhibit 1 hereto) who have validly and timely requested exclusion from the Class, the Litigation and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice as to Plaintiffs and the other members of the Class, and as against the Released Persons. The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

7. Upon the Effective Date, Plaintiffs and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released, relinquished and discharged all Released Claims against the Released Persons, whether or not such Class Member executes and delivers a Proof of Claim and Release.

8. Upon the Effective Date, Plaintiffs and all Class Members and anyone claiming through or on behalf of any of them, are forever barred and enjoined from commencing, instituting

or continuing to prosecute any action or any proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind (whether within the United States or not) any of the Released Claims against any of the Released Persons.

9. Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released, relinquished and discharged the Plaintiffs, Class Members and Plaintiffs' Counsel from all claims (including Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement or resolution of the Litigation.

10. The distribution of the Notice of Proposed Settlement of Class Action and the publication of the Summary Notice as provided for in the Order Preliminarily Approving Settlement and Providing for Notice constituted the best notice practicable under the circumstances, including individual notice to all members of the Class who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, §21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, due process and any other applicable law.

11. Any plan of allocation submitted by Lead Counsel or any order entered regarding the attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

12. Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim,

or of any wrongdoing or liability of the Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. The Stipulation may be filed in an action to enforce or interpret the terms of the Stipulation, the settlement contained therein, and any other documents executed in connection with the performance of the agreements embodied therein. Defendants and/or the other Released Persons may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on the principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Litigation; and (d) all parties hereto for the purpose of construing, enforcing and administering the Stipulation.

14. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

15. In the event that the settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

IT IS SO ORDERED.

DATED: March 18, 2011         Barbara B. Crabb
                              ~~THE HONORABLE STEPHEN L. CROCKER~~
                              UNITED STATES ~~MAGISTRATE~~ JUDGE

Submitted by,

ROBBINS GELLER RUDMAN & DOWD LLP
PAUL J. GELLER
JACK REISE
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)

LAW OFFICES BERNARD M. GROSS, P.C.
DEBORAH R. GROSS
ROBERT P. FRUTKIN
100 Penn Square East, Suite 450
Philadelphia, PA 19107
Telephone: 215/561-3600
215/561-3000 (fax)

Co-Lead Counsel for Plaintiffs

ADEMI & O'REILLY, LLP
GURI ADEMI
3620 East Layton Avenue
Cudahy, WI 53110
Telephone: 414/482-8000
414/482-8001 (fax)

Liaison Counsel

# EXHIBIT 1

I WISH TO EXCLUDE MYSELF FROM THE MICHAEL SCHULTZ ET AL TOM OTHERPY INC. ET AL CASE NO 3:08-cv-00314-slc (W.D. WIS)
DON'T KNOW THE NUMBER OF SHARES

DENNIS KRIER
414 S CLOREMONT RD
SAUKVILLE WI 53080

P.S. I DIDN'T BY ANY, I WAS PART OF MY 401K PLAN. JUST LET ME OUT OF ANY ACT

TomoTherapy Securities Litigation
c/o RSM McGladrey, Inc.
P.O. Box 1367
Blue Bell, PA 19422

PRESORTED
FIRST-CLASS MAIL
U.S. POSTAGE PAID
PEARL PRESSMAN LIBERTY
COMMUNICATIONS GROUP

**IMPORTANT LEGAL INFORMATION**

I want to be excluded from Michael Schultz, et al v tomotherapy Incorporated, et al Case No 3:08-CV-00314-SK (W.D.Wis)

Heather Bowe
411 McArthur Rd
Thayes, WI 53091
9202790680

January 17, 2011

Tomo Therapy Securities Litigation
c/o RSM McGladrey, Inc
P.O. Box 1367
Blue Bell, PA 19422

Please exclude me from Michael Schultz, et al. v. Tomotherapy Incorporated, et al Case No. 3:08-cv-00314-slc (W.D.Wis.)

| Quantity | Price | Bought |
|---|---|---|
| 200 | $21.65 | 05-10-2007 |
| 50 | $23.33 | 10-12-2007 |

Helen M. Zyvoloski
1441 Garay Lane #5
Port Washington, WI 53074

262-268-8393

Helen M. Zyvoloski